**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DANA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    NO. 3:11-CV-138 |
| | ) |
| FIVE STAR TRANSPORTATION, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Verified Motion to Dismiss, filed by Defendant, Five Star Transportation, LLC ("Five Star"), on April 14, 2011.  For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

Dana Johnson ("Johnson") filed a complaint against Five Star on April 1, 2011.  Five Star filed the instant motion in lieu of an answer. Five Star's motion, which is little more than one page in length, alleges that this case must be dismissed because Johnson failed to file his complaint within 90 days of the date he received his Dismissal and Notice of Rights from the Equal Employment Opportunity Commission "EEOC." Plaintiff filed a response on May 12, 2011, and the motion is ripe for adjudication.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" showing that the pleader is entitled to relief.

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *McCready v. eBay*, *Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Johnson, an African American, alleges he was terminated from his employment as a truck driver with Five Star on August 19, 2010, and that his termination was based on his race. Johnson's complaint further alleges that he filed a timely complaint with the EEOC, and that the EEOC "issued a Right-To-Sue letter, dated December 29, 2010." The complaint does not indicate the date that Johnson received the Dismissal and Notice of Rights ("Notice"), which he refers to as his "Right-To-Sue" letter. His complaint was filed on April 1,

-2-

2011, 93 days after the date the EEOC mailed the Notice.

Five Star asserts in the instant verified motion that it received the Notice from the EEOC on December 30, 2010.  Accordingly, Five Star asserts that the complaint needed to be filed by March 30, 2011, and that the lawsuit was filed two days late.  Five Star does not provide this Court with any legal support for its argument, other than the language in the Notice: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." (Notice, DE 4-1).  The Notice also provides claimants with information related to filing suit, as follows:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

(Notice, DE 4-1).

Johnson failed to heed the advise that the complaint be filed within 90 days of when the Notice was mailed.  Nonetheless, on a motion to dismiss under Rule 12(b)(6), the burden of proving that the lawsuit is untimely rests with Five Star, and all reasonable inferences must be resolved in Johnson's favor.  The 90 days time limit to bring suit under Title VII is strictly enforced.  *See McCauley v. Akal Sec., Inc.*, No. 10 C 2839, 2011 WL 2461340 (June 17, 2011, N.D. Ill).  However, a plaintiff

is "not required to rebut the affirmative defense of the expiration of the 90-day period in her complaint." *Id.* Accordingly, the issue of the timeliness of the complaint can not usually be addressed through a Rule 12(b)(6) motion. *Id.; see also Mosely v Board of Education,* 434 F.3d 527, 535 (7th Cir. 2006)(holding that the plaintiff's retaliation claim under the IDEA was not "so obviously time-barred that it may be dismissed under Rule 12(b)(6)); *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993)("The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint."); *Ebbert v. Daimler Chrysler Corp.,* 319 F.3d 103, 108 (3d Cir. 2003)("If the employer in an ADA case asserts an affirmative defense, like the expiration of the statute of limitations ... then the burden of proof for that defense rests solely on the employer.").

Five Star has not and can not at this stage demonstrate that Johnson's complaint is untimely. Rather, Five Star asks this Court to speculate that because it received the Notice on December 30, 2010, Johnson must have also received the Notice on the same day. Nothing justifies such speculation. Indeed, speculation would be inappropriate. This Court has no evidence before it regarding when Johnson received the Notice, and at this stage, Johnson has no obligation to volunteer such information. Accordingly, the Verified Motion to Dismiss must fail.

## CONCLUSION

For the reasons set forth above, Five Star's Verified Motion to Dismiss is **DENIED**.

DATED: November 09, 2011                    /s/RUDY LOZANO, Judge
                                             **United States District Court**